# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| DOUGLAS L. BOBIAK, individually and on behalf of all others similarly situated; | Civil No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COLLECTIVE and CLASS ACTION COMPLAINT |
| THE MORGAN GROUP, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, Douglas L. Bobiak ("Bobiak" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and this Fed.R.Civ.P. 23 class action for violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 *et.seq*.

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid wages, overtime compensation, overtime bonus premium, and statutory penalties for Plaintiff and any similarly situated hourly employees who work or have worked for The Morgan Group, Inc. ("Defendant")

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former hourly employees of the Defendant who elect to opt-in to this action pursuant to the

collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by Defendant.

3. Plaintiff also brings this action on behalf of himself and all similarly situated current and former hourly employees who work or worked in the state of North Carolina during the relevant time period pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et.seq*.

## **THE PARTIES**

4. Bobiak is an adult individual who is a resident of Charlotte, North Carolina.

5. Bobiak was employed by Defendant as an hourly employee from April 2011 until May 2016.

6. A written consent form for Bobiak is being filed with this Complaint.

7. The Morgan Group, Inc. is a Texas corporation registered to do business in the State of North Carolina, with its principal place of business located at 5606 South Rice Avenue, Houston, Texas 77081.

## **JURISDICTION AND VENUE**

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq*.

9. Defendant employed Plaintiff and employs/employed others in this judicial district, owns and operates multifamily housing transacting business in this judicial district, and is registered to transact business in the State of North Carolina.

10. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the

pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

11. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

18. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Defendant is a leader in high-end multifamily development, construction and property management operating multifamily housing in North Carolina, California, Florida, Missouri and Texas.

20. Plaintiff and other similarly situated employees performed similar job duties and were compensated pursuant to centralized pay policies, and were subjected to similar pay practices while employed as hourly employees for Defendant and are "employee" subject to the protections of the FLSA 29 U.S.C. §§ 203(e) & 207(a).

21. Throughout the duration of his employment with the Defendant, Plaintiff received bi-weekly paychecks from Defendant that did not properly record or compensate him for all the hours that he worked.

22. Defendant "shaved" time from the total number of hours Plaintiff worked. In other words, Defendant regularly paid Plaintiff for less time than what was recorded on his time cards, including but not limited to weeks during which he worked overtime.

23. Defendant "shaved" time from the total number of hours Plaintiff worked in one week and would move "shaved" hours to the next week in order to avoid paying overtime.

24. Defendant required Plaintiff to perform work off-the-clock without compensation.

25. As part of Defendant's centralized pay policies, Defendant paid Plaintiff and other similarly situated employees non-discretionary bonuses, as defined by the FLSA.

26. Defendant did not include any bonuses in the calculation of Plaintiff's or other similarly situated employees' regular rate of pay in calculating the overtime compensation paid to its hourly employees during the relevant period.

## COLLECTIVE ACTION ALLEGATIONS

27. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his First and Second Causes of action, FLSA claims, on behalf of himself and similarly situated employees who work or have worked for Defendant as hourly employees, who worked over forty hours in one or more weeks during the period of November 11, 2013 through the filing of this Complaint, who elect to opt-in to this action ("Opt-in Plaintiffs).

29. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendant, nationwide, who work or have worked for Defendant as an hourly employee and who worked over forty hours in one or more weeks anytime during the period of November 11, 2013 to the filing of this Complaint in this action.

30. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid wages earned for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

31. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

32. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs.

33. Defendant's unlawful conduct has been widespread, repeated, and consistent.

34. There are many similarly situated current and former hourly employees of Defendant's who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

35. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

36. Plaintiff Douglas Bobiak requests that he be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

37. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

38. Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from

Defendant's payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

39. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 50 persons.

40. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendant refused to pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13;

(b) whether Defendant had a policy and/or practice of requiring Plaintiff and the Rule 23 class to work off-the-clock;

(c) whether Defendant had a policy and/or practice of "shaving" time from the total number of hours worked by Plaintiff and the Rule 23 Class and recorded in their time records; and

(d) whether Defendant's refusal to pay such compensation is in violation of NCWHA.

41. The claims of Plaintiff are typical of those claims that could be alleged by any Putative Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same

7

compensation practices of Defendant; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

42. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour and complex class action litigation.

43. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

44. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment

of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

45. Plaintiff incorporates by reference paragraphs 1-44 of his Complaint.

46. Count I arises from Defendant's violation of the FLSA, for its failure to pay all overtime wages earned by Plaintiff and similarly situated employees.

47. Defendant violated the FLSA by failing to pay Plaintiff and other similarly situated employees for all overtime hours worked in one or more individual workweeks by both shaving time from the actual hours they worked and by requiring them to work off-the-work without pay.

48. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated hourly employees the correct overtime rate in one or more individual workweeks that Plaintiff and similarly situated worked.

49. Defendant violated the FLSA by failing to pay Plaintiff and similarly situated hourly employees the correct overtime rate by failing to include non-discretionary bonuses in its calculation of Plaintiff's and similarly situated hourly employees' regular rate of pay.

50. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff and similarly situated hourly employees.

51. Defendant knew or acted in reckless disregard that its compensation practices violated the FLSA.

52. Defendant's violation of the FLSA was willful.

## COUNT II

### (Violation of North Carolina Wage and Hour Act)

53. Plaintiff incorporates by reference paragraphs 1-52 of his Complaint.

54. Count III arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated hourly employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

55. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff and similarly situated hourly employees all promised wage and overtime payments on the employees' regular payday for all hours worked.

56. Defendant's violation of the NCWHA was willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

a) Order the Defendants to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all hourly employees who have worked for Defendant beginning November 11, 2013 through the date of this Complaint;

b) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all hourly employees who have worked for Defendant within the last three years beginning November 11, 2013, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of unpaid wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as a representative on behalf of all those similarly situated hourly employees;

e) An Order pursuant to the NCWHA finding Defendant liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

**JURY TRIAL DEMAND**

The named Plaintiff demands a trial by jury for all issues of fact.

        Respectfully submitted,

        */s/ L. Michelle Gessner*
        L. Michelle Gessner, NCSB#26590
        THE LAW OFFICES OF MICHELLE GESSNER, PLLC
        409 East Boulevard
        Charlotte, North Carolina 28203
        Tel: (704) 234-7442
        Email: michelle@mgessnerlaw.com

        Philip J. Gibbons, Jr., NCSB #50276
        PHIL GIBBONS LAW, P.C.
        15720 Brixham Hill Ave, Ste 280
        Charlotte, North Carolina 28277
        Telephone:    (704) 612-0038
        Email:  phil@philgibbonslaw.com

        *Attorneys for Plaintiff and Putative Class Members*